UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE
INSURANCE COMPANY,

      Plaintiff,

v.

JANET WILLIAMS, ERIK WILLIAMS,
and JAMES H. COLE HOME FOR
FUNERALS, INC.,

      Defendants.

_____/

Case No. 12-11489

Hon. Gerald E. Rosen

**OPINION AND ORDER GRANTING DEFENDANT
JANET WILLIAMS' MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

Plaintiff Metropolitan Life Insurance Company commenced this interpleader action in this Court on April 3, 2012, requesting that the Court determine which of three Defendants — Janet Williams, Erik Williams, or the James H. Cole Home For Funerals, Inc. — is entitled to $10,916.00 in life insurance benefits payable upon the death of decedent George E. Williams. By stipulated order dated June 19, 2012, the Defendant funeral home was awarded $3,278.20 of the life insurance proceeds and was dismissed from this suit, leaving Defendants Janet Williams and Erik Williams to litigate their claims to the remaining $7,637.80 in benefits.[1]

---

[1] Under this same June 19, 2012 stipulated order, Plaintiff also was dismissed from this action upon depositing into the Registry of the Court the remaining life insurance benefits not

Through a motion filed on September 28, 2012, Defendant Janet Williams seeks an award of summary judgment in her favor as to her entitlement to the balance of the life insurance benefits at issue in this case. In support of this motion, Ms. Williams points to a March 30, 2011 notice in which her late husband, decedent George E. Williams, named her as the primary beneficiary of his life insurance benefits, and she observes that this was the last such notice filed before Mr. Williams' death on November 10, 2011. Although Defendant Erik Williams — the son of decedent George E. Williams — suggested in correspondence with the Plaintiff insurer that his father's designation of Ms. Williams as beneficiary might have been influenced by his medical condition and by medication he was taking, Ms. Williams contends that there is no evidentiary support for the notion that her late husband lacked the mental capacity to knowingly and properly designate her as the beneficiary of his life insurance benefits.

Defendant Erik Williams has not responded to this motion brought by co-Defendant Janet Williams, despite an October 26, 2012 order in which the Court directed him to file a response and granted him an additional 14-day period within which to do so. Accordingly, the Court will now proceed to decide Ms. Williams' unopposed motion. Having reviewed this motion and its accompanying brief and exhibits, as well as the remainder of the record, the Court finds that the pertinent facts, allegations, and legal issues are sufficiently presented in these written materials, and that oral argument would

---

awarded to the Defendant funeral home.

not assist in the resolution of Defendant's motion. Accordingly, the Court will decide Ms. Williams' motion "on the briefs." *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. For the reasons stated below, the Court readily concludes that this unopposed motion should be granted.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Decedent George E. Williams, a retired employee of Chrysler Corporation, was a participant in the Chrysler UAW Hourly Employees and Retirees Life Insurance Program (the "Plan"), an employee welfare benefit plan sponsored by Chrysler and funded by a group life insurance policy issued by Plaintiff Metropolitan Life Insurance Company. The Plan is governed by the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

Mr. Williams passed away on November 10, 2011. Upon his death, his designated beneficiary (or beneficiaries) under the Plan were entitled to life insurance benefits in the amount of $10,916.00. As of this date, the most recent notice of Mr. Williams' designation of a beneficiary that was on file with the Plan was dated March 30, 2011, and this notice named Mr. Williams' spouse, Defendant Janet Williams, as the sole primary beneficiary of the life insurance benefits. (*See* Complaint, Ex. B.) Mr. Williams had married Janet Williams on March 25, 2011, just a few days before he designated her as sole primary beneficiary, and the couple remained married until Mr. Williams' death several months later.

Prior to the filing of the March 30, 2011 notice, the most recent notice of Mr.

Williams' designation of a beneficiary was dated October 1, 2009. This earlier notice named Mr. Williams' son, Defendant Erik Williams, as the sole primary beneficiary of Mr. Williams' life insurance benefits under the Plan. (*See* Complaint, Ex. C.) In addition, on August 8, 2010, Mr. Williams executed a Durable Power of Attorney in which he appointed Defendant Erik Williams as his attorney in fact with full authority to conduct his business affairs. (*See* Complaint, Ex. F.)

Following Mr. Williams' death, Defendant Erik Williams sent a letter to the Plaintiff insurer questioning Janet Williams' entitlement to his father's life insurance benefits. (*See* Complaint, Ex. G, 11/21/2011 Letter.) In this letter, Erik Williams stated that he had learned only after his father's death about his marriage to Janet Williams and his change of beneficiary, and he opined that his father had been "suffering from severe health issues," was "under medical duress," and had been taking "pain medication which would affect his decision making." (*Id.*) Accordingly, he asked the Plaintiff insurer to look into his father's "sudden change of his beneficiary," and to consider the additional information he had provided in determining who should receive his father's life insurance benefits under the Plan. (*Id.*)

In light of the competing claims of Defendants Janet Williams and Erik Williams to the $10,916.00 in life insurance benefits payable under the Plan, Plaintiff commenced this interpleader action on April 3, 2012, asking the Court to determine which of these competing claims should prevail. Shortly thereafter, the parties stipulated to a payment of $3,278.20 of the life insurance proceeds to Defendant James H. Cole Home For Funerals,

Inc., to cover funeral services provided by this Defendant on behalf of decedent George E. Williams.  Through the present motion filed on September 28, 2012, Defendant Janet Williams seeks a ruling as a matter of law that she is entitled to the remaining $7,637.80 in life insurance benefits, in accordance with Mr. Williams' designation of her as sole primary beneficiary in the last beneficiary designation form he filed with the Plan prior to his death.  This motion is unopposed, as Defendant Erik Williams has failed to comply with the Court's October 26, 2012 order directing him to respond to his co-Defendant's motion.

### III.  ANALYSIS

**A.    The Standards Governing Defendant's Motion**

Through the present motion, Defendant Janet Williams seeks an award of summary judgment in her favor as to her entitlement to the remaining $7,637.80 in life insurance benefits payable under the Plan upon the death of her late husband, George E. Williams. Under the pertinent Federal Rule, "[a] party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought," and "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  As the Supreme Court has explained, "the plain language of Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

In deciding a motion brought under Rule 56, the Court must view the evidence in a light most favorable to the nonmoving party. *Pack v. Damon Corp.,* 434 F.3d 810, 813 (6th Cir. 2006). Yet, the nonmoving party may not rely on mere allegations or denials, but instead must support a claim of disputed facts by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Moreover, any supporting or opposing affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Finally, "the mere existence of a scintilla of evidence that supports the nonmoving party's claims is insufficient to defeat summary judgment." *Pack,* 434 F.3d at 814 (alteration, internal quotation marks, and citation omitted).

**B.      The Record Is Devoid of Evidence That Would Challenge the Validity of the Designation of Defendant Janet Williams as the Sole Primary Beneficiary of the Life Insurance Benefits Payable Under the Plan.**

In arguing that she is entitled to the life insurance benefits payable under the Plan upon the death of her husband, George E. Williams, Defendant Janet Williams points to the most recent beneficiary designation form executed by Mr. Williams prior to his death. Specifically, in a notice dated March 30, 2011, the Plan confirmed that Mr. Williams had

6

named Janet Williams as the sole primary beneficiary of his life insurance benefits, (*see* Complaint, Ex. B), and this designation remained unchanged until Mr. Williams' death on November 10, 2011.  The Court agrees that this designation controls the payment of benefits under the Plan, in the absence of any evidence that would cast doubt upon the validity of Mr. Williams' designation of his spouse as sole beneficiary.

The Sixth Circuit has emphasized that ERISA "establish[es] a clear mandate that plan administrators follow plan documents to determine the designated beneficiary" under an employee benefit plan governed by the statute.  *Metropolitan Life Insurance Co. v. Pressley,* 82 F.3d 126, 130 (6th Cir. 1996).  In this case, it is undisputed that the pertinent Plan documents call for benefits to be paid to the beneficiary or beneficiaries designated by the Plan participant through the means specified in the Plan for naming beneficiaries. (*See* Complaint, Ex. A, Summary Plan Description at 7.)  It is further undisputed that the Plan participant, George E. Williams, named Defendant Janet Williams as the sole primary beneficiary in the last beneficiary designation form he completed prior to his death.  Under the plain language of the Plan, then, Janet Williams is the beneficiary to whom Mr. Williams' life insurance benefits should be paid upon his death.

The only suggested basis in the record for deviating from this result is set forth in a November 21, 2011 letter from co-Defendant Erik Williams to the Plaintiff insurer and claims administrator.  In this letter, Erik Williams — the son of the Plan participant, George E. Williams — states that he was unaware of his father's marriage to Janet Williams, as well as his father's change of the beneficiary to whom life insurance benefits

should be paid upon his death. (*See* Complaint, Ex. G, 11/21/2011 Letter.) Erik Williams then requests that Plaintiff inquire into his father's "sudden change of his beneficiary," in light of his father's "severe health issues" and the pain medication he was taking that "would affect his decision making." (*Id.*)

As Janet Williams observes in her motion, however, there is no evidentiary support in the record for Erik Williams' stated concern in his letter that his father's change of beneficiary was the product of severe health conditions and medications that impaired his decision making. So far as the record reveals, Erik Williams is not a physician or medical expert of any sort, and there is no evidence to corroborate his belief that his father was unfit to decide who to name as the beneficiary of his life insurance benefits. To the contrary, Plaintiff's complaint is accompanied by a letter from a Henry Ford Hospital physician, Dr. Michael Litman, who states that he treated George Williams up until his death and found him to be of "sound mind" and "able to make rational decisions." (Complaint, Ex. I.) In addition, while Erik Williams expressed concern in his letter that his father's change of beneficiary was "sudden" and made fairly shortly before his death, the timing of this decision presumably was a product of Mr. Williams' marriage to Janet Williams, which occurred just a few days before he named his new wife as the sole primary beneficiary of his life insurance benefits.

To be sure, the validity of this change of beneficiary could be challenged through the introduction of evidence indicating, for example, that Mr. Williams lacked the mental capacity in the last few months of his life to make decisions concerning the proper

8

beneficiaries of his life insurance benefits, or that his will was somehow overborne by his new wife or by other external factors.  Yet, no such evidence has been produced in this case.  Nor has Erik Williams even filed a response to Janet Williams' motion, in which he might have attempted to identify support in the existing record for disregarding his father's designation of his new wife as beneficiary, and for instead giving effect to his prior designation of his son as beneficiary.  In the absence of any basis in the record for questioning Mr. Williams' designation of his wife as sole primary beneficiary of his life insurance benefits, the Court readily concludes that this final designation made by Mr. Williams a few months before his death is controlling, and that Janet Williams is entitled to the remaining benefits payable under the Plan.

### IV.  CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant Janet Williams' September 28, 2012 motion for summary judgment (docket #16) is GRANTED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  November 30, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 30, 2012, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager